FILED

JUL 2 2 2013

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Benjamin Cunningham
(347) 879-1717
2429 Southern Blvd #1
Bronx, New York 10458
                    (Pro-se) Plaintiff

            AGAINST

United States Department OF Justice
& et al.,
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
                         Defendants

FOIA Civil Complaint
5 U.S.C. Section 552
Requesting Legal
 Documents Regarding
North Carolina State's
 Reliable Confidential
Informant  Issue

Case: 1:13-cv-01115
Assigned To : Collyer, Rosemary M.
Assign. Date : 7/22/2013
Description: FOIA/Privacy Act

## FOIA  CIVIL  COMPLAINT

This FOIA Civil Complaint was originally timely filed
under civil docket (13-Civ-0960 (RMC).

July 17, 2013, Judge Rosemary M. Collyer's order has
dismissed (Pro-se) Plaintiff's FOIA Civil Complaint
due to errors located inside caption which listed the
incorrect legal individual federal officials as defendants.

Therefore, the (Pro-se) Plaintiff has corrected such
errors by listing only the U.S. Department OF Justice as
a defendant attached with et al,.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 13-960 (RMC) |
| | ) |
| SEAN O'NEILL, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### OPINION

Pro se Plaintiff Benjamin Cunningham brought this suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the release of certain records relating to Mr. Cunningham's prior civil rights suit, *Cunningham v. McCluskey*, Civil Case No. 05-10169 (S.D.N.Y.), against individual Deputy U.S. Marshals and a New York City Police Department detective. Because FOIA authorizes relief only against covered federal agencies and the Defendants here are all individuals, this case will be dismissed.

### I. FACTS

The origin of this case goes back some years. In 2005, United States Deputy Marshals searched Mr. Cunningham's New York City residence looking for his brother, fugitive Terrence Cunningham. Upon arriving at the house, the Deputy Marshals seized Benjamin Cunningham. While the search continued, Mr. Cunningham fled, handcuffed and in his underwear, and ran into or was sideswiped by a bus. He then managed to board the bus. The bus carried city transit officers; they held Mr. Cunningham until the U.S. Deputy Marshals retrieved him. After verifying that Mr. Cunningham was not Terrence, the officers released him.

*See Cunningham v. U.S. Congress House Ethics Comm.*, Civil Case No. 12-1935 (Compl. [Dkt. 1]).[1]

Based on this incident, Mr. Cunningham unsuccessfully sued the individual Deputy Marshals and a New York Police Department detective alleging Fourth and Fifth Amendment violations. The district court granted summary judgment in favor of the defendants. *See Cunningham v. McCluskey*, Civil Case No. 05-10169 (S.D.N.Y. Aug. 8, 2011) (Order adopting Report and Recommendation; qualified immunity barred the Fourth Amendment claim and the Fifth Amendment due process claim was not cognizable due to remedy available under the Federal Tort Claims Act). Mr. Cunningham appealed, but the Second Circuit dismissed the appeal as frivolous. *See Cunningham v. McCulskey*, No. 11-3597 (2d Cir. Feb. 14, 2012) (Mandate), *cert. denied*, 133 S. Ct. 124 (Oct. 1, 2012).[2]

Subsequently, Mr. Cunningham filed this FOIA suit against the following Defendants, all of whom are individual federal officials: Sean O'Neill, Chief of Administrative Appeals for the Office of Information Privacy, Department of Justice; Judge Deborah Batts, U.S.

---

[1] In Civil Case No. 12-1935, Mr. Cunningham brought suit in this Court against Congressman Serrano and the House Ethics Committee. The Court dismissed the case because the Congressman and the Committee were immune under the Speech or Debate Clause of the U.S. Constitution. *See Cunningham v. U.S. Congress House Ethics Comm.*, Civil Case No. 12-1935 (Order [Dkt. 5] at 2-3 (citing U.S. Const. Art. I, § 6)).

[2] Arising from these same circumstances, Mr. Cunningham filed another suit in the Southern District of New York, seeking a writ of mandamus to compel the Federal Crime Victim Office to provide him crime victim benefits and counseling, to pay his medical bills related to injuries he sustained the day his home was searched, and to reimburse him for cash that the Marshals allegedly took from his home. The district court dismissed the case. *See Cunningham v. Gillis*, Civil Case No. 09-1768 (S.D.N.Y.) (Feb. 25, 2009 Opinion and Order), appealed, No. 13-260 (2d Cir. Jan. 24, 2013), appeal dismissed (2d Cir. Feb. 11, 2013). Further, Mr. Cunningham sued the United States in the Court of Federal Claims, alleging that the district court judge and magistrate, who presided over his suit against the law enforcement officers, had improperly handled the case and conspired against him. The Court of Federal Claims dismissed the case for lack of jurisdiction and the Federal Circuit affirmed. *Cunningham v. United States*, No. 11-330C, 2011 WL 5825147 (Fed. Cl.) (Nov. 16, 2011), *aff'd*, 479 F. Appx. 974 (Fed. Cir. 2012).

District Judge, Southern District of New York; Magistrate Judge Kevin Fox, Southern District of

New York; David Bober, Assistant U.S. Attorney, District of New Jersey; Peter Skinner,

Assistant U.S. Attorney, Southern District of New York; Nicholas Ricigliano, Deputy U.S.

Marshal; Kristin Norris, FBI Special Agent; Jose Serrano, U.S. Congressman; Kerry Kircher,

General Counsel, U.S. House of Representatives; and Christine Davenport, Senior Assistant

Counsel, U.S. House of Representatives.  The Complaint alleges:

> Defendants have willfully violated FOIA Laws against the (Pro-se)
> Plaintiff's secured Civil Rights in order to CONCEAL legal facts
> about how defendants [Judge Batts, Magistrate Judge Fox, AUSA
> Bober, AUSA Skinner, DUSM Ricigliano, and Special Agent
> Norris] . . . have willfully Faked Up/Invented Up a North Carolina
> State's Reliable Confidential Informant in order to DISMISSED
> the (pro-se) plaintiff's Civil Rights case against defendant DUSM
> Nicholas Ricigliano & "etc" (05 Civ. 10169).

Compl. [Dkt. 1] at 3 (errors in original).  The Complaint further alleges that all Defendants have

willfully concealed information and legal documents "regarding North Carolina State's Reliable

Confidential Informant against the (pro-se) plaintiff's FOIA Request."  *Id.* at 4.  Mr.

Cunningham seeks $50,000,000.  *Id.*  Defendants have moved to dismiss.  *See* Mot. to Dismiss

[Dkt. 7].

## II. ANALYSIS

Even though pro se complaints are construed liberally, *see Haines v. Kerner*, 404

U.S. 519, 520 (1972) and *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004), the

complaint still must state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 8,

12(b)(6).  A district court may sua sponte—that is, without notice—dismiss a claim pursuant to

Rule 12(b)(6) where it is "patently obvious" that the plaintiff cannot possibly prevail based on

the facts alleged in the complaint.  *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727

(D.C. Cir. 1990).

Mr. Cunningham cannot possibly prevail here because he has sued individual federal officials under FOIA and FOIA authorizes relief only against covered federal agencies. *See* 5 U.S.C. § 552(a)(4)(B) (granting courts "jurisdiction to enjoin the agency from withholding agency records"). An "agency" is "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." *Id.* § 552(f)(1); *see also id.* § 105 ("Executive agency" means an Executive department, a Government corporation, and an independent establishment). Thus, in FOIA cases individual federal employees are not proper parties. *Martinez v. BOP*, 444 F.3d 620, 624 (D.C. Cir. 2006).

All of the Defendants here are individuals and cannot be sued under FOIA. Furthermore, many of the federal officials who are Defendants here are not employed in the executive branch: Judge Batts and Magistrate Judge Fox are officials in the judicial branch and Congressman Serrano, General Counsel Kircher, and Senior Assistant Counsel Davenport are officials in the legislative branch. FOIA covers only *agencies* in the *executive* branch of government. 5 U.S.C. § 552(f)(1). Thus, the Complaint will be dismissed for failure to state a claim.

### III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss [Dkt. 7] will be granted and this case will be dismissed. All other pending motions will be denied as moot. A memorializing Order accompanies this Opinion.

Date: July 17, 2013                                  _____/s/_____
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge

4

# CERTIFICATE OF SERVICE
# AFFIDAVIT

New York State
Bronx County) SS:


      I, Benjamin Cunningham, am (Pro-se) Plaintiff inside
this FOIA Civil Case and declare under the penalty of perjury that
I served the (Pro-se) Plaintiff's updated FOIA Civil Complaint
to the following listed parties:


  (1)  United States Department OF Justice
       950 Pennsylvania Avenue, N.W.
       Washington, D.C. 20530-0001


  (2)  United States Attorney General (D.C.)
       Nina Crimm-AUSA
       (202) 616-3285
       555 4th Street, N.W. (E-4111)
       Washington, D.C. 20530


Respectfully,

Benjamin Cunningham
(Pro-se) Plaintiff

# AFFIDAVIT
# STATEMENT

New York State
Bronx County) SS:


      I, Benjamin Cunningham, am (Pro-se) Plaintiff inside
this FOIA Civil Case and declare under the penalty of perjury that
all statements within this updated  FOIA Civil Complaint are ONLY
true facts:

> " The U.S. Marshals Service is responding to your
> request for records relating to documentation and
> information concerning a confidential informant.
> Unfortunately, we are unable to comply with your
> request.  The Marshal Service is unable to confirm
> or deny the existence of records and/or information
> on this individual.   If the responsive records exist
> within the records and files of the Marshals Service,
> it would be exempt from disclosure pursuant to
> exemption (j)(2) of the Privacy Act, 5 U.S.C. section
> 552a, and exemptions 7( c), and (f) of the
> Freedom OF Information Act, 5 U.S.C. section 552b. "

Respectfully,

Benjamin Cunningham
(Pro-se) Plaintiff

# FOIA CIVIL COMPLAINT

This is an action under Freedom OF Information Act 5 U.S.C. 552 for seeking disclosure & release of agency records regarding a North Carolina State's Reliable Confidential Informant being improperly withheld from (pro-se) plaintiff by defendants Department OF Justice (DOJ) and its (4) components:

(1) EOUSA Agency's FOIA Response dated June 5, 2013 File # AP-2013-02904

(2) FBI Agency's FOIA Response dated June 7, 2013 File # AP-2013-02815

(3) OJP (OVC) Agency's Response dated June 7, 2013 File # AP-2013-02914

(4) USMS Agency's FOIA Response dated June 10, 2013 File #AP-2013-02668

Defendants (DOJ & et al,.) is a Department OF The Executive Branch of the United States Government, and including (4) component entities: EOUSA Agency; FBI Agency; OJP Agency and USMS Agency.



**EOUSA Agency's Willful Failure
To Timely Comply With The
(Pro-se) Plaintiff's Request**

(Pro-se) Plaintiff has exhausted the applicable
administrative remedies with respect to its
    FOIA Request to the EOUSA Agency.

The EOUSA Agency has wrongfully withheld
the requested records from (pro-se) plaintiff regarding:

(1)  North Carolina State's Reliable Confidential
     Informant.

(2)  USMS Agency's Police Officer located inside the
     Western District OF Charlotte North Carolina
     who conducted interview with North Carolina
     State's Reliable Confidential Informant on
     November 16, 2005.

(3)  USMS Agency's Police Officer located inside the
     Western District OF Charlotte North Carolina
     who directed USMS Agency's Police Officer
     Nicholas Ricigliano and others located inside the
     Southern District OF New York to invade the
     (pro-se) plaintiff's Bronx County Private Home
     **WITHOUT** search warrant; **WITHOUT** consent;
     **WITHOUT** exigent circumstances and etc on
     November 29, 2005.

**FBI Agency's Willful Failure
To Timely Comply With The
(Pro-se) Plaintiff's Request**

(Pro-se) Plaintiff has exhausted the applicable
administrative remedies with respect to its
FOIA Request to the FBI's Agency.

The FBI's Agency has wrongfully withheld
the requested records from (pro-se) plaintiff regarding:

(1)  North Carolina State's Reliable Confidential
Informant.

(2)  USMS Agency's Police Officer located inside the
Western District OF Charlotte North Carolina
who conducted interview with North Carolina
State's Reliable Confidential Informant on
November 16, 2005.

(3)  USMS Agency's Police Officer located inside the
Western District OF Charlotte North Carolina
who directed USMS Agency's Police Officer
Nicholas Ricigliano and others located inside the
Southern District OF New York to invade the
(pro-se) plaintiff's Bronx County Private Home
**WITHOUT** search warrant; **WITHOUT** consent;
**WITHOUT** exigent circumstances and etc on
November 29, 2005.

6

### OJP Agency's Willful Failure
### To Timely Comply With The
### (Pro-se) Plaintiff's Request

(Pro-se) Plaintiff has exhausted the applicable
administrative remedies with respect to its
FOIA Request to the OJP's Agency.

The OJP's Agency has wrongfully withheld
the requested records from (pro-se) plaintiff regarding:

(1)  North Carolina State's Reliable Confidential
     Informant.

(2)  USMS Agency's Police Officer located inside the
     Western District OF Charlotte North Carolina
     who conducted interview with North Carolina
     State's Reliable Confidential Informant on
     November 16, 2005.

(3)  USMS Agency's Police Officer located inside the
     Western District OF Charlotte North Carolina
     who directed USMS Agency's Police Officer
     Nicholas Ricigliano and others located inside the
     Southern District OF New York to invade the
     (pro-se) plaintiff's Bronx County Private Home
     **WITHOUT** search warrant; **WITHOUT** consent;
     **WITHOUT** exigent circumstances and etc on
     November 29, 2005.



## USMS' Agency's Willful Failure
## To Timely Comply With The
## (Pro-se) Plaintiff's Request

(Pro-se) Plaintiff has exhausted the applicable
administrative remedies with respect to its
FOIA Request to the USMS' Agency.

The USMS' Agency has wrongfully withheld
the requested records from (pro-se) plaintiff regarding:

(1)  North Carolina State's Reliable Confidential
Informant.

(2)  USMS Agency's Police Officer located inside the
Western District OF Charlotte North Carolina
who conducted interview with North Carolina
State's Reliable Confidential Informant on
November 16, 2005.

(3)  USMS Agency's Police Officer located inside the
Western District OF Charlotte North Carolina
who directed USMS Agency's Police Officer
Nicholas Ricigliano and others located inside the
Southern District OF New York to invade the
(pro-se) plaintiff's Bronx County Private Home
**WITHOUT** search warrant; **WITHOUT** consent;
**WITHOUT** exigent circumstances and etc on
November 29, 2005.

8

## Subject Matter Jurisdiction
## &
## Personal Matter Jurisdiction


The District OF Columbia's Federal Courthouse has proper jurisdiction over this FOIA Civil Case pursuant federal statutes 5 U.S.C. section 552 (a)(g)(1); 5 U.S.C. 552 section (a)(4)(b); 28 U.S.C. section 1331 linked to 5th & 14th Amendments under the United States' Constitution.


## VENUE


Venue is appropriate located inside the District OF Columbia Federal Courthouse under federal statues 5 U.S.C. section (a)(g)(5); 5 U.S.C. section (a) (4)(b); 28 U.S.C. section 1391 linked all the way to the 5th & 14th Amendments under the United States' Constitution.



## (4) PARTIES

Defendant **EOUSA** is an agency within the meaning of federal statutes 5 U.S.C. section 552 (f) and 5 U.S.C. section 552 (a) (a) (1) who is in possession and/or control of federal records pertaining to:

(1)  North Carolina State's Reliable Confidential Informant.

(2)  USMS Agency's Police Officer located inside the Western District OF Charlotte North Carolina who conducted interview with North Carolina State's Reliable Confidential Informant on November 16, 2005.

(3)  USMS Agency's Police Officer located inside the Western District OF Charlotte North Carolina who directed USMS Agency's Police Officer Nicholas Ricigliano and others located inside the Southern District OF New York to invade the (pro-se) plaintiff's Bronx County Private Home **WITHOUT** search warrant; **WITHOUT** consent; **WITHOUT** exigent circumstances and etc on November 29, 2005.



Defendant **FBI** is an agency within the meaning of federal statutes 5 U.S.C. section 552 (f) and 5 U.S.C. section 552 (a) (a) (1) who is in possession and/or control of federal records pertaining to:

(1)   North Carolina State's Reliable Confidential Informant.

(2)   USMS Agency's Police Officer located inside the Western District OF Charlotte North Carolina who conducted interview with North Carolina State's Reliable Confidential Informant on November 16, 2005.

(3)   USMS Agency's Police Officer located inside the Western District OF Charlotte North Carolina who directed USMS Agency's Police Officer Nicholas Ricigliano and others located inside the Southern District OF New York to invade the (pro-se) plaintiff's Bronx County Private Home **WITHOUT** search warrant; **WITHOUT** consent; **WITHOUT** exigent circumstances and etc on November 29, 2005.



Defendant **OJP** is an agency within the meaning of federal statutes 5 U.S.C. section 552 (f) and 5 U.S.C. section 552 (a) (a) (1) who is in possession and/or control of federal records pertaining to:

(1)   North Carolina State's Reliable Confidential Informant.

(2)   USMS Agency's Police Officer located inside the Western District OF Charlotte North Carolina who conducted interview with North Carolina State's Reliable Confidential Informant on November 16, 2005.

(3)   USMS Agency's Police Officer located inside the Western District OF Charlotte North Carolina who directed USMS Agency's Police Officer Nicholas Ricigliano and others located inside the Southern District OF New York to invade the (pro-se) plaintiff's Bronx County Private Home **WITHOUT** search warrant; **WITHOUT** consent; **WITHOUT** exigent circumstances and etc on November 29, 2005.

12

Defendant **USMS**  is an agency within the meaning of federal statutes 5 U.S.C. section 552 (f) and 5 U.S.C. section 552 (a) (a) (1) who is in possession and/or control of federal records pertaining to:

(1)   North Carolina State's Reliable Confidential Informant.

(2)   USMS Agency's Police Officer located inside the Western District OF Charlotte North Carolina who conducted interview with North Carolina State's Reliable Confidential Informant on November 16, 2005.

(3)   USMS Agency's Police Officer located inside the Western District OF Charlotte North Carolina who directed USMS Agency's Police Officer Nicholas Ricigliano and others located inside the Southern District OF New York to invade the (pro-se) plaintiff's Bronx County Private Home **WITHOUT** search warrant; **WITHOUT** consent; **WITHOUT** exigent circumstances and etc on November 29, 2005.



**(Pro-se) Plaintiff Is
Lawfully Entitled To
Legal Documents
Under Federal Law**

(1)  FOIA Exemption Rule's 7(d) clearly states:

" could  reasonably be expected to disclose
   the identity of a confidential source. "

(2)  5th & 14th Amendments under the United States'
     Constitution.

(3)  FOIA's Good Cause Act 28 U.S.C. section 1657
     <u>Vaughn V. Rosen,</u> 523 F. 2d 1136 (D.C. 1975)

(4)  **Existence & Reliability** Federal Law clearly states:

" As a matter or clearly established federal & state
  laws, the federal district courts MUST established
  **Existence & Reliability** concerning the
  defendants' North Carolina State's Reliable
  Confidential Informant <u>People V. Darden,</u>
  34 NY 2d 177; <u>United States V. Fairchild,</u>
  122 F. 3d 605, 609 (8th Cir. 1997);
  <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957)
  & <u>United States V. Bourbon</u>, 819 F. 2d 856, 860
  (8th Cir. 1987).

14

**(4) FOIA Agencies Are Willfully
Concealing Legal Documents
From (Pro-se) Plaintiff  Regarding
North Carolina State's Reliable
Confidential Informant:**

(1)  EOUSA Agency's FOIA Response dated
     June 5, 2013 File # AP-2013-02904

(2)  FBI Agency's FOIA Response dated
     June 7, 2013 File # AP-2013-02815

(3)  OJP (OVC) Agency's Response dated
     June 7, 2013 File # AP-2013-02914

(4)  USMS Agency's FOIA Response dated
     June 10, 2013 File #AP-2013-02668



**(11) Federal Employees Are Willfully
Concealing Legal Documents From
(Pro-se) Plaintiff  Regarding
 The North Carolina State's
 Reliable Confidential Informant:**


(1)  Sean R. O' Neill (Chief)
     FOIA Appeal Agency
     United States Department OF Justice
     Office OF Information Policy #11050
     Washington, DC 20530


(2)  Judge Deborah A. Batts (SDNY)
(3)  Magistrate Judge Kevin N. Fox (SDNY)
     United States Courthouse
     Southern District OF New York
     500 Pearl Street
     New York, NY 10007


(4)  AUSA David V. Bober
(5)  AUSA Peter M. Skinner
     Civil Litigation
     United States Attorney's Office
     Southern District OF New York
     86 Chambers Street 3rd Floor
     New York, NY 10007

16

(6)  DUSM Nicholas Ricigliano
     United States Marshals Service Agency
     Southern District OF New York
     500 Pearl Street (#400)


(7)  John Doe/Jane Doe
     United States Marshal Service Agency
     Western District OF North Carolina
     Charlotte, North Carolina 28202


(8)  Special FBI Agent Kristina L. Norris
     FBI Agency
     26 Federal Plaza
     New York, NY 10007


(9)  Congressman Jose E. Serrano (D-NY)
     2227 Rayburn HOB
     Washington, DC 20515


(10)  Kerry W. Kircher-General Counsel
(11)  Christine Davenport-Esq
      United States Congress' General Counsel Office
      219 Cannon HOB
      Washington, DC 20515-6532



**Reasons Why (Pro-se) Plaintiff**
**Need Legal Documents Regarding**
**The North Carolina State's**
**Reliable Confidential Informant:**

(1)  (Pro-se) Plaintiff will provide such documents
      to United States Congress' Judiciary Committees
      and Ethics Committee.

(2)  (Pro-se) Plaintiff will provide such documents
      to his Mortgage Company because (pro-se)
      plaintiff's home is under Foreclosure Status due
      to North Carolina State's Confidential Informant.

(3)  (Pro-se) Plaintiff will provide such documents
      to his Homeowner's Insurance Policy in order to
      file an insurance claim due to North Carolina's CI

(4)  (Pro-se) Plaintiff will provide such documents
      to the OVC's Agency in order to apply for
      Federal Crime Victim Benefits due to the CI.

(5)  (Pro-se) Plaintiff will provide such documents
      to the New York State Crime Victim Board's
      Agency in order to apply for New York State
      Crime Victim Benefits due to North Carolina's CI

(6)  (Pro-se) Plaintiff will provide such documents
      to New York City's Human Resources Agency
      because this family has been collecting
      Public Assistance Benefits due to prior/present
      civil cases due to North Carolina State's CI.

18

## Statement OF True Facts:

Second Circuit Appeals Court's order
Dated April 16, 2009 (07-4006-CV)
<u>REVERSED & REMANDED</u>:

" This is an appeal by the Plaintiff from the judgment
of the United States District Court for the Southern
District of New York (Batts, J.) dismissing the
complaint with prejudice. The district court dismissed
the complaint with prejudice by reason of the court's
finding that Plaintiff's counsel had failed to perfect
service of process on the Defendants.  While the
appeal was pending, this Court received a written
communication from the district court advising that
the district court was not aware of all the pertinent
facts when it dismissed the complaint and that the
"Court agrees" with Plaintiff that "the Court was in
in error in dismissing this case with prejudice."
The district court suggested that this Court vacate the
district court's order of dismissal of July 18, 2007 and
reinstate the case on the district court's docket. "

During oral argument, the assigned appellate judges
stated to the Government's attorney that
Judge Deborah A. Batts' order was made under an
**ABUSED OF DISCRETION** status.



Judge Deborah A. Batt's order **REFUSED** to compel Government to file an **ANSWER** to the petitioner's complaint which behavior violated Second Circuit Appeals Court's order dated April 16, 2009 (07-4006-CV).

Judge Deborah A. Batts' order has **DENIED** the petitioner's Amended Complaint motion which concerns the Government's federal police officers **SEIZING** the plaintiff's medical records from St Barnabas Hospital linked to plaintiff's sustained injury from the NYPD Bus Accident that occurred November 29, 2005 at the plaintiff's Bronx County Home while the Government's federal police officers were unlawfully conducting warrant less searches inside petitioner's New York State Home **WITHOUT** the plaintiff's Knowledge/Consent:

" Defendants generally admit that they searched the Cunningham's residence on the day in question, because they were searching for Mr Cunningham's brother, Terrence Cunningham, for whom they had obtained an arrest warrant after he jumped bail on drug-related charges.  The Marshals had received information from a reliable confidential source indicating that he might have been residing with Mr. Cunningham. "

( AUSA David Bober's Letter/Motion )
Dated May 28, 2010



Therefore, the petitioner filed  timely **Interlocutory Appeal** where the Second Circuit Appeal Court's  assigned panel judges' order has **DISMISSED** the plaintiff's **Interlocutory Appeal** on June 28, 2010 ( 10-378-CV & 10-379-CV )  because:

" Appellant, pro se, moves for "permission to include

appellees' new document evidence."  This Court has

determined sua sponte that it lacks jurisdiction over

these appeals because final orders have not been issued

by the district court as contemplated by 28 U.S.C. 1291."



Inside Magistrate Kevin N. Fox's
Settlement Conference It Was The
(Pro-se) Plaintiff  Who Quickly
Rejected  Defendants' $30, 000
Settlement Offer:

Upon returning from the Second Circuit Appeals Court's
**Interlocutory Appeal Order**, it was Magistrate Judge Fox's
discovery order that scheduled  the legal  parties to appear for a
Settlement Conference proceeding.

Inside Magistrate Judge Kevin N. Fox's court assigned
**Settlement Conference** proceedings, the Government's attorney
made a $30,000  settlement offer to plaintiffs' Civil Rights case.

The legal parties inside Magistrate Judge Kevin N. Fox's
**Settlement Conference** proceedings were (pro-se) plaintiffs and
AUSA David V. Bober.

Plaintiffs responded by **REJECTING** the Government's
$30, 000 settlement offer **ONLY** because  the Government's
attorney AUSA David V. Bober has **REFUSED** to provide legal
documents evidence  regarding the North Carolina State's
Reliable Confidential Informant over to (pro-se) plaintiffs & over
to the Court.

Magistrate Judge Kevin N. Fox was very angry about the
(pro-se) plaintiffs' **REJECTION** made against the Government's
$30, 000 settlement offer.


22

Therefore, Magistrate Judge Kevin N. Fox then advised the parties to file their **Summary Judgement** motions or prepare for **Jury Trial Selection** proceedings:

> " Defendants generally admit that they searched the Cunningham's residence on the day in question, because they were searching for Mr Cunningham's brother, Terrence Cunningham, for whom they had obtained an arrest warrant after he jumped bail on drug-related charges.  The Marshals had received information from a reliable confidential source indicating that he might have been residing with Mr. Cunningham.

( AUSA David Bober's Letter/Motion )
Dated May 28, 2010

November 16, 2005, Western District OF Charlotte North Carolina State's USMS Agency Police Officers claim they interviewed their Reliable Confidential Informant who told them federal fugitive (Terrence Cunningham) was residing inside the (pro-se) plaintiff's New York State Private Home.

November 29, 2005 Southern District OF New York State's USMS Agency Police Officers claim they invaded (pro-se) plaintiff's Bronx County Home based upon North Carolina State's Reliable Confidential Informant.



23

Magistrate Judge Kevin N. Fox's (2) discovery
orders dated July 29, 2010 & November 12, 2010
Compelled defendants to provide legal documents
to (pro-se) plaintiff regarding North Carolina State's
Reliable Confidential Informant:


Cunningham moved for an order compelling the
defendants to provide him with the Reliable
Confidential Source Documents and Arrest Warrant
Documents upon which the defendants have indicated
they will rely in making a motion for summary judgment.
Inasmuch as: (1) the plaintiff's motion is unopposed;
(2) the plaintiff claims his home was entered by
Deputy United States Marshals who lacked probable
cause or a warrant to do so; and (3) and the defendants
maintain they entered the plaintiff's home pursuant to
a warrant, obtained after the deputy marshals
"had received information from a reliable confidential
source" indicating that the subject of the warrant, the
plaintiff's brother, "might have been residing with
(the plaintiff)," the plaintiff's request for documents
pertaining to the "Reliable Confidential Source" as well
as the arrest warrant, including any affidavit(s) or other
document(s) submitted when the application was made
for the warrant, shall be disclosed to the plaintiff. "

24

Subsequently, the Government's attorney **REFUSED** to obey Magistrate Judge Kevin N. Fox's (5) Compel Orders.

Judge Deborah A. Batts' orders **REFUSED** to instruct the Government's attorney to provide legal evidence documents regarding the North Carolina State's Reliable Confidential Informant:

> " We also had to searched a dark, unfinished basement. Mr Cunningham attempted to interfere with the search on more than one occasion, repeatedly ordering us to leave his house.  At some point, he was placed in handcuffs to prevent him from impeding the search, and because we believed he might have been the person we were looking for.  As we were searching the home and after he had been  handcuffed, Mr Cunningham fled out of the front door of the house, yelling loudly and trying to attract attention to himself.  He managed to board a bus of NYPD Transit Officers, who briefly detained him and transferred him back into our custody. Shortly thereafter, we found his identification and verified that he was Benjamin Cunningham and not his brother Terrence.  The aforementioned confidential informant provided the Task Force with additional information in early January 2006, which led deputies in Maryland area to arrest Terrence Cunningham in January 2006. "

( DUSM Nicholas Ricigliano's Declaration dated )
Dated September 8, 2010



**November 29, 2010, Terrence Cunningham's Affidavit Make The Following Statements:**

" I  NEVER  resided with my brother

 Benjamin Cunningham and his wife

 Reena Cunningham.

 I  NEVER  provide his home address

 24-29 Southern Blvd Bronx New York

 to anybody/Reliable confidential Informant. "



November 10, 2010, Magistrate Judge Kevin N. Fox's order has provided an illegal **Nunc Pro Tunc** order which provided permission for Government **NOT** to file an **ANSWER** against the petitioner's Civil Rights complaint dated October 25, 2006 and this act willfully violated Second Circuit Appeals Court's order dated April 16, 2009 (07-4006-CV).

February 25, 2011 Magistrate Judge Kevin N. Fox's **Report** order has provided additional permission for Government **NOT** to file any **ANSWERS** against petitioner's Civil Rights complaint dated October 25, 2006.

March 28, 2011 Judge Deborah A. Batts' **Adopted** order **Waived Process OF Service** for the Government's behalf:



**June 21, 2011, Magistrate Judge Kevin N. Fox's Report order has DENIED Qualified Immunity protections over to respondents-Government :**

" The tip provided by the CI is the only basis, in the record, for the defendants' belief that Terrence Cunningham resided with Cunningham. However, as indicated previously, there exists an issue of fact regarding what the information the CI provided the USMS.  If the November 16, 2005 investigation report is credited, the CI advised the USMS only that Terrence lived with his mother, not Cunningham. However, if Ricigliano's declaration and December 1, 2005 investigation report are credited, the CI advised the USMS that Terrence resided with either his mother or Cunningham.  Drawing all justifiable inferences in Cunningham's favor, Anderson, 477 U.S. at 255, 106 S. Ct. At 2513, the Court finds that he has shown, for the purpose of resolving this motion, that the defendants' search of his home violated the Fourth Amendment. "



**June 22, 2011, the Government's OBJECTION
letter has ADMITTED mistake by invading &
conducting a full search upon (Pro-se) Plaintiff's
Bronx County New York private home:**

" Although we now know that the Marshals' **belief**
   was **mistaken**, their actions should not be judged
   through the prism of 20/20 hindsight. "

Subsequently, the Government **NEVER** produced any
evidence  about the Reliable Confidential Informant
over to the Federal Court or over  to (Pro-se) Plaintiff.

July 13, 2011, (Pro-se) Plaintiff's motion requested for
Court to COMPEL Government to disclose the
North Carolina State Reliable Confidential Informant's
identity and etc over to the parties.
However, Magistrate Judge Kevin N. Fox  along with
Judge Deborah A. Batts totally **IGNORED** this motion.

The Court's docket does **NOT** show any evidence about
Government providing any materials concerning a
North Carolina State's Reliable Confidential Informant
over to anybody.

29

**August 8, 2011, Judge Deborah A. Batts'
RATIFIED order has DISMISSED the
(Pro-se) Petitioner's 4th Amendment claims
by GRANTING Qualify Immunity
Protections over to respondents-government:**

" Defendants have variously represented that a
confidential informant told them (1) that the
fugitive they were seeking lived with his mother,
or (2) that fugitive lived with either his mother
or with his brother, the plaintiff. Because it is
unclear whether the confidential informant in fact
told Defendants that the fugitive lived with plaintiff,
the **Report** concluded that disputed issues of fact
warrant denial of Summary Judgment as to whether
Defendants are entitled to qualified immunity.
Defendants object that the discrepancy the Report
has identified is not material because the Marshals
had a reasonable basis to believe that the fugitive
resided with plaintiff even if the informant never
asserted as much. For reasons that follow, the Court
now holds that a jury could find that reasonable basis
to believe the fugitive reside at plaintiff's address.
Accordingly, the Court finds that Defendants are
entitled to qualified immunity on the plaintiff's
Fourth Amendment claim based on their search of
his house, which must be dismissed. "

30

**September 4, 2012, Judge Deborah A. Batts' summary judgment order has NEVER made claims about receiving North Carolina State's Reliable Confidential Informant evidence from respondent-Government:**

Judge Deborah A. Batts' summary judgment order dated **September 4, 2012** concerns Reena Cunningham's Civil Rights case under district court's docket #07-Civ. 6870 (DAB):

> " As the court found in <u>Cunningham-one</u> ,
> Defendants violated the Fourth Amendment
> when, without a search warrant, they
> searched Plaintiff's home for a non-resident
> fugitive for whom they had an arrest warrant.
> However, for the reasons discussed in this
> Court's August 8, 2011 order adopting the
> Report and Recommendation in that case,
> Defendants are entitled to qualified immunity
> on Plaintiff's Fourth Amendment claim to the
> extent it is founded on the warrant less entry
> and search. "


31

**Second Circuit Court OF Appeals Court's
Order Dated January 13, 2012 REFUSED
To Allow (Pro-se) Plaintiff  Seek Appellate
Review Against Judge Deborah A. Batts'
Order Dated August 8, 2011:**


Present:   Ralph K. Winter,
           Peter W. Hall,
           Denny Chin,
                    Circuit Judges.


     " Appellant, pro-se at the time filing his motion,
       moves for leave to proceed in forma pauperis.
       Upon due consideration, it is hereby ORDERED
       that the motion is DENIED as moot as he has
       now paid the filing fee.  It is further ORDERED
       that Appellant's claims are DISMISSED as
       frivolous.   See  Pillay v I .N.S., 45 F. 3d 14, 17
       (2d Cir. 1995) (per curiam) ("(T)his court has
       inherent authority to dismiss an appeal or petition
       for review as frivolous when the appeal or
       petition presents no arguably meritorious issue for
       our consideration.")


     The above appeal was decided WITHOUT the
     Government's legal briefs; WITHOUT the
     (Pro-se) Plaintiff's legal brief and WITHOUT
     lower court's original records.

32

**Second Circuit Court OF Appeals Court's
Order Dated February 14, 2013  REFUSED
To Allow (Pro-se) Plaintiff  Seek Appellate
Review Against Judge Deborah A. Batts'
Order Dated September 4, 2012:**


Present:    Peter w. Hall,
            Christopher F. Droney,*


            " Appellant, pro-se, moves for leave to proceed in
              in forma pauperis.  Upon due consideration, it is
              hereby ORDERED that the motion is DENIED
              and the appeal is DISMISSED because it lacks
              an arguable basis in law or fact.
              See 28 U.S.C. 1915(e); Neitzke v. Williams,
              490 U.S. 319, 325 (1989) (defining when an
              arguable basis in law or fact).


            * Judge Debra Ann Livingston, originally a member
              of the panel, recused herself subsequent to the date
              the motion was submitted.  Because the remaining
              members of the panel are in agreement, we have
              decided this case in accordance with IOP E of the
              Local Rules and Internal Operating Procedures of
              this Court. "


The above appeal was decided WITHOUT plaintiff's
legal brief & WITHOUT Government's legal brief.

33

# CONCLUDED ARGUMENT

WHEREFORE, (pro-se) plaintiff is also legally entitled to legal documents regarding the alleged North Carolina State's Reliable Confidential Informant because:

> " Although we now know that the Marshals' **belief** was **mistaken**, their actions should not be judged through the prism of 20/20 hindsight. "

( Defendants' **Objections** dated June 22, 2011 )

> " The U.S. Marshals Service is responding to your request for records relating to documentation and information concerning a confidential informant. Unfortunately, we are unable to comply with your request. The Marshal Service is unable to confirm or deny the existence of records and/or information on this individual.   If the responsive records exist within the records and files of the Marshals Service, it would be exempt from disclosure pursuant to exemption (j)(2) of the Privacy Act, 5 U.S.C. section 552a, and exemptions 7( c), and (f) of the Freedom OF Information Act, 5 U.S.C. section 552b. "

( Defendants' **FOIA Response** dated March 20, 2013 )

RESPECTFULLY,

By Ce



U.S. Department of Justice

United States Marshals Service

*Office of General Counsel*

2604 Jefferson Davis Highway
Alexandria, VA   22301-1025

MAR 2 0 2013

Benjamin Cunningham
2429 Southern Boulevard
#1
Bronx, NY   10458

**Re:   Freedom of Information/Privacy Act Request 2013USMS23118**
**Subject:   Information Regarding a Confidential Informant**

Dear Mr. Cunningham:

The U.S. Marshals Service is responding to your request for records relating to documentation and information concerning a confidential informant.

Unfortunately, we are unable to comply with your request.   The Marshals Service is unable to confirm or deny the existence of records and/or information on this individual.   If the responsive records exist within the records and files of the Marshals Service, it would be exempt from disclosure pursuant to exemption (j)(2) of the Privacy Act, 5 U.S.C. § 552a, and exemptions 7(C), (D), and (F) of the Freedom of Information Act, 5 U.S.C. Section 552(b).

Exemption (j)(2) allows an agency to withhold material related to the enforcement of criminal laws including efforts to prevent, control or reduce crime or to apprehend criminals. Exemption 7 allows an agency to withhold records or information compiled for law enforcement purposes, to the extent that the disclosure of such records or information (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a

State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and , in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

If you are dissatisfied with my action on this request, you may appeal this denial by writing to the Director, Office of Information and Privacy (OIP), United States Department of Justice, 1425 New York Avenue, NW, Suite 11050, Washington, DC 20530-0001, within 60 days of the date of this letter.   Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

**WILLIAM E. BORDLEY**
**Associate General Counsel/FOIPA Officer**
**Office of General Counsel**



U.S. Department of Justice

Office of the Inspector General

March 20, 2013

Benjamin Cunningham
24-29 Southern Blvd #1
Bronx, NY 10458

Subject:    Freedom of Information/Privacy Act Request [13-OIG-92]

Dear Mr. Cunningham:

This responds to your Freedom of Information Act request to the United States Marshal Service (USMS). The USMS referred two documents to the Office of the Inspector General (OIG) that were responsive to your request. It has been determined that one document be withheld in its entirety pursuant to the Freedom of Information Act, 5 U.S.C. §552(b)(6) and (7)(C). Consequently, please find enclosed that information which can be released pursuant to your request.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. 552(c) (2006 & Supp. IV 2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

If you are dissatisfied with my action on this request, you may appeal from this action by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530. Your appeal must be received by OIP within 60 days of the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia, which is also where the records you seek are located.

Sincerely,

Deborah M. Waller
FOI/PA Specialist
Office of the General Counsel

Enclosure



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**JUN 0 7 2013**

Mr. Benjamin Cunningham               Re:    Appeal No. AP-2013-02815
No. 1                                         Request No. 1210917
2429 Southern Boulevard                       ADW:CDT
Bronx, NY 10458

Dear Mr. Cunningham:

        You appealed from the action of the Federal Bureau of Investigation on your request for
access to records concerning "North Carolina State's Reliable Confidential Informant."

        After carefully considering your appeal, I am affirming the FBI's action on your request.
The FBI informed you that it could locate no responsive main file records subject to the Freedom
of Information Act in its files. I have determined that the FBI's action was correct and that it
conducted an adequate, reasonable search for such records.

        Please be advised that this Office's decision was made only after a full review of this
matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and
analyzed your appeal, your underlying request, and the action of the FBI in response to your
request.

        If you are dissatisfied with my action on your appeal, the FOIA permits you to file a
lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

        For your information, the Office of Government Information Services (OGIS) offers
mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-
exclusive alternative to litigation. Using OGIS services does not affect your right to pursue
litigation. The contact information for OGIS is as follows: Office of Government Information
Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,

- 2 -

College Park. Maryland 20740-6001: e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448: or facsimile at 301-837-0348.

Sincerely.

Sean R. O'Neill
Chief
Administrative Appeals Staff

By: *Anne D. Work*

Anne D. Work
Senior Counsel
Administrative Appeals Staff



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone. (202) 514-3642*

Mr. Benjamin Cunningham
No. 1                                    Re:     Appeal No. AP-2013-02815
2429 Southern Boulevard                          Request No. 1210917
Bronx, NY  10458                                 ADW:CDT

Dear Mr. Cunningham:

     You appealed from the action of the Federal Bureau of Investigation on your request for access to records concerning "North Carolina State's Reliable Confidential Informant."

     After carefully considering your appeal, I am affirming the FBI's action on your request. The FBI informed you that it could locate no responsive main file records subject to the Freedom of Information Act in its files. I have determined that the FBI's action was correct and that it conducted an adequate, reasonable search for such records.

     Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the FBI in response to your request.

     If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

     For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,

- 2 -

College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448; or facsimile at 301-837-0348.

Sincerely,

Sean R. O'Neill
Chief
Administrative Appeals Staff

By: *Anne D. Work*

Anne D. Work
Senior Counsel
Administrative Appeals Staff



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

---

*Telephone: (202) 514-3642*

**June 5, 2013**

Mr. Benjamin Cunningham                   Re:   Appeal Nos. AP-2013-02904 &
No. 1                                                   AP-2013-03001
2429 Southern Boulevard                          Request No. 2013-1104
Bronx, NY  10458                                   MWH:ADF

**VIA:  U.S. Mail**

Dear Mr. Cunningham:

     You attempted to appeal from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records concerning a "North Carolina State's Reliable Confidential Informant."

     I have been informed that you filed a lawsuit concerning EOUSA's action in the United States District Court for the District of Columbia.  Inasmuch as this matter is now before the Court, I am closing your appeal files in this Office in accordance with 28 C.F.R. § 16.9(a)(3) (2012).

               Sincerely,

               Sean R. O'Neill
               Chief
               Administrative Appeals Staff

               By: *Anne D. Work*

               Anne D. Work
               Senior Counsel
               Administrative Appeals Staff



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

**June 7, 2013**

Mr. Benjamin Cunningham
No. 1
2429 Southern Boulevard
Bronx, NY 10458

Re:    Appeal No. AP-2013-02914
         Request No. 13-00237
         AMJ:MWH

**VIA: U.S. Mail**

Dear Mr. Cunningham:

You appealed from the action of the Office of Justice Programs (OJP) on your request for access to records concerning "DUSM Nicholas Ricigliano's North Carolina State Federal Police Report dated November 16, 2005; investigation report dated December 1, 2005, and declaration document dated September 8, 2010 made claims that he conducted a Warrant-less Search/Seizure based upon an unidentified North Carolina State's Reliable Confidential Informant." I note that you limited the scope of your appeal to those records concerning an alleged unidentified North Carolina State reliable confidential informant.

After carefully considering your appeal, I am affirming OJP's action on your request. OJP informed you that it could locate no responsive records subject to the Freedom of Information Act in its files. I have determined that OJP's action was correct and that it conducted an adequate, reasonable search for such records.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of OJP in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road,

- 2 -

College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448; or facsimile at 301-837-0348.

Sincerely,

Sean R. O'Neill
Chief
Administrative Appeals Staff

By: *Anne D. Work*

Anne D. Work
Senior Counsel
Administrative Appeals Staff



**U.S. Department of Justice**
Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone  (202) 514-3642*

**June 10, 2013**

Mr. Benjamin Cunningham                          Re:      Appeal No. AP-2013-02668
No. 1                                                              Request No. 2013USMS23118
2429 Southern Boulevard                                    SVR:RRK
Bronx, NY  10458

**VIA:  U.S. Mail**

Dear Mr. Cunningham:

        You appealed from the action of the United States Marshals Service (USMS) on your
request for access to records concerning a confidential informant.

        After carefully considering your appeal, I am affirming, on partly modified grounds
USMS's action on your request.  The Freedom of Information Act provides for disclosure of
many agency records.  At the same time, Congress included in the FOIA nine exemptions from
disclosure that provide protection for important interests such as personal privacy, privileged
communications, and certain law enforcement activities.  To the extent that responsive records
exist, without consent, proof of death, official acknowledgment of an investigation, or an
overriding public interest, disclosure of law enforcement records concerning an individual could
reasonably be expected to constitute an unwarranted invasion of personal privacy.  See 5 U.S.C.
§ 552(b)(7)(C).  Because any records responsive to your request would be categorically exempt
from disclosure, USMS properly asserted Exemption 7(C) and was not required to conduct a
search for the requested records.  See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir. 2011)
(upholding agency's refusal to conduct a search for law enforcement records pertaining to named
third parties because such records are categorically exempt from disclosure in the absence of an
overriding public interest).

        In addition, to the extent that any responsive records exist, those records would also be
categorically exempt from disclosure pursuant to:

          5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law
          enforcement purposes the release of which could reasonably be expected to
          disclose the identities of confidential sources and information furnished by such
          sources; and

          5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law
          enforcement purposes the release of which could reasonably be expected to
          endanger the life or personal safety of an individual.

- 2 -

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of USMS in response to your request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448; or facsimile at 301-837-0348.

Sincerely,

Sean R. O'Neill
Chief
Administrative Appeals Staff

By: *Anne D. Work*

Anne D. Work
Senior Counsel
Administrative Appeals Staff



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

**JUN 1 0 2013**

Mr. Benjamin Cunningham
2429 Southern Boulevard
#1                                              Re:    Appeal No. AP-2013-01830
Bronx, NY 10458                                        Request No. 2013USMS22257

Dear Mr. Cunningham:

    This responds to a letter dated May 24, 2013, requesting that this Office reconsider its decision on your appeal from the action of the United States Marshals Service (USMS) on your request for access to records concerning yourself.

    After carefully considering your letter, I am opening a new appeal file in this Office concerning your Freedom of Information Act request.  This Office will assign a new number to your appeal.  The number is **AP-2013-03424**.  Please mention this number in any future correspondence to this Office regarding this matter.

    Due to the large number of appeals received by this Office and the individual review given to each, it is difficult to predict accurately when a final determination will be made on your new appeal.  However, based on the average review time, I anticipate that it will take at least another several weeks.  I appreciate your continued patience.

                                        Sincerely,

                                        Anne D. Work

                                        Anne D. Work
                                        Senior Counsel
                                        Administrative Appeals Staff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BENJAMIN CUNNINGHAM,                    :

          Plaintiff,                    :

          -against-                     :                    ORDER

U.S. MARSHALS SERVICE, ET AL.,          :          05 Civ. 10169 (DAB)(KNF)

          Defendants.                   :
-------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Plaintiff Benjamin Cunningham ("Cunningham") alleges, in his amended complaint, that

in 2005, Deputy United States Marshals entered his home "without probable cause and without a

warrant," assaulted him and "confiscated [his] personal property and effects, including, but not

limited to his cash, jewelry, mortgage documents, Social Security card, Passport, and

identification papers."

Cunningham moved for an order compelling the defendants to provide him with the

"Reliable Confidential Source Documents" and "Arrest Warrant Documents" upon which the

defendants have indicated they will rely in making a motion for summary judgment. The

plaintiff contends, via an affidavit submitted in support of his motion, he will need these

documents, inter alia, to respond appropriately to the defendants' contemplated motion. The

defendants were served with the plaintiff's motion to compel on June 9, 2010, and have failed to

respond to it.

Inasmuch as: (1) the plaintiff's motion is unopposed; (2) the plaintiff claims his home

was entered by Deputy United States Marshals who lacked probable cause or a warrant to do so;

and (3) and the defendants maintain they entered the plaintiff's home pursuant to a warrant,

obtained after the deputy marshals "had received information from a reliable confidential source"

indicating that the subject of the warrant, the plaintiff's brother, "might have been residing with

[the plaintiff]," the plaintiff's request for documents pertaining to the "reliable confidential

source" as well as the arrest warrant, including any affidavit(s) or other document(s) submitted

when the application was made for the warrant, shall be disclosed to the plaintiff.

This order resolves the motion appearing as Docket Entry No. 104 on the docket sheet

maintained by the Clerk of Court for this action.

Dated:  New York, New York            SO ORDERED:
        July 29, 2010

Copies mailed to:                      KEVIN NATHANIEL FOX
                                       UNITED STATES MAGISTRATE JUDGE

Benjamin Cunningham
David Vincent Bober, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

*11/12/10*

BENJAMIN CUNNINGHAM,                       :

             Plaintiff,                       :

          -against-                          :                       ORDER

U.S. MARSHALS SERVICE, ET AL.,             :              05 Civ. 10169 (DAB)(KNF)

           Defendants.                      :
-------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      A telephonic conference was held with counsel to the defendants and plaintiff pro se on November 10, 2010. As a result of the discussion had during the conference, IT IS HEREBY ORDERED that:

    1.    the defendants shall provide to the plaintiff documents pertinent to the "Reliable Confidential Source," as required by the Court's July 29, 2010 Order;

    2.    on or before December 10, 2010, the defendants shall serve and file their responses to the plaintiff's motions that are reflected at Docket Entry Nos. 109, 116, 117, 118, 119, 120 and 129;

    3.    on or before December 30, 2010, the plaintiff shall serve and file his reply(ies);

    4.    the plaintiff's motions, reflected at Docket Entry Nos. 107 and 110, to compel compliance with the subpoena be issued to The New York City Police Department, are denied. The plaintiff may correct the defect in the subpoena discussed during the above-referenced conference and serve a new subpoena on the New York City Police Department if he wishes to do so; and

5.   the documents reflected on the Docket Sheet, as Entry Nos. 127 and 128, shall be

considered together as the plaintiff's opposition to the defendants' outstanding

motion to dismiss or, alternatively for summary judgment.

Dated: New York, New York          SO ORDERED
       November 12, 2010

_Kevin Nathaniel Fox_

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Benjamin Cunningham
David Vincent Bober. Esq.



## AFFIDAVIT

DANIEL A. EIGERMAN, being duly sworn, deposes and says:

1. I am an attorney admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court, as well as the Uniform Court System of New York State.

2. I maintain an office for the practice of law at 260 Madison Avenue, New York, New York, and my telephone number and email address are (212) 213-6866 and eigercases@gmail.com.

3. In 2009 and this year I represented plaintiff-appellant Benjamin Cunningham in two appeals arising out of his Southern District lawsuit, *Cunningham v. DUSM McCluskey, DUSM Ballard, DUSM Ricigliano, DUSM Purl, DUSM Sanseverino, and NYPD Detective Halpin*, S.D.N.Y. 05 Civ. 10169.

4. The docket numbers assigned the appeals by the Second Circuit were respectively, 07-4007 and 11-3597.

5. In the course of this representation I had occasion thoroughly and in fact repeatedly to review the record in the Southern District.

6. I did not encounter in the record any document identifying by name any unidentified informant and certainly no evidence that such informant or informants had been presented to the Court.

_(signature)_

Daniel A. Eigerman

Sworn to before me this
26th day of November 2012

_(signature)_

ALINA LEVINA
NOTARY PUBLIC STATE OF NEW YORK
KINGS COUNTY
LIC. #01LE6244483
COMM. EXP. _____

No. \ - \

# In The
# Supreme Court of the United States



BENJAMIN CUNNINGHAM,

*Petitioner,*

—v.—

DUSM SEAN McCLUSKEY, DUSM THOMAS
BALLARD, DUSM NICHOLAS RICIGLIANO,
DUSM MANNY PURL, DUSM JERRY
SANSEVERINO, and NYPD DETECTIVE
MARY HALPIN,

*Respondents,*

ON PETITION FOR WRIT OF CERTIORARI
TO THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## PETITION FOR A WRIT OF CERTIORARI

DANIEL A. EIGERMAN
*Counsel of Record for the Petitioner*
260 Madison Avenue, 16th Floor
New York, New York 10016
(212) 213-6866

May 2, 2012

DICK BAILEY SERVICE (212) 608-7666 (718) 522-4363 (516) 222-2470 (914) 682-0848 Fax (718) 522-4024
1-800-531-2028

6

his underwear, while they rushed in to search the premises. They pulled open drawers, rifled papers, pulled out the pockets of hanging clothes, examined his absent wife's clothes and underclothes, and logged on to his computer. Mr. Cunningham demanded they stop and leave. Defendant Ricigliano stted that the petitioner tried to "interfere" with the defendants' search by "repeatedly ordering us to leave. (31a ¶ 13) One of the defendants punched petitioner in the stomach and handcuffed him behind his back. Defendant Ricigliano stated they handcuffed him because he might impede the search and because they thought he might be the fugitive. (29a ¶ 13) Plaintiff fled, still in his underwear and handcuffed, and collided with a bus. The bus passengers were transit police officers. Defendant Federal Marshals told them Mr. Cunningham was a federal prisoner in custody and physically carried him back to the house by his bare feet and handcuffs. Defendants finished their search and left without comment. New York City Police and EMS personnel took Plaintiff to the hospital. (15a-20a)

In January 2006, the fugitive, Terrence Cunningham, was apprehended in the State of Maryland. There is no claim of any communication at any relevant time between petitioner Benjamin Cunningham and the fugitive.

### The Informant

Defendant Ricigliano attributes to an unidentified informant information that Terrance Cunningham might be living in the Bronx with his mother but also information that he might be living

7

with either his mother or his brother, the petitioner, and that he was seeking dialysis in emergency rooms. Defendant Ricigliano visited a Bronx hospital and was told of a black dialysis patient who left when his identity was challenged. (26a-27a)

There is no claim that any defendant personally had communication from the informant. There was no evidence that any defendant knew who he (or she) was. Defendants gave no indication why he (or she) might be deemed reliable.

On July 29, 2010 Chief Magistrate Judge Fox ordered the defendants to produce documents "pertaining to the 'reliable confidential source,' as well as the arrest warrant, including any affidavit(s) or other document(s) submitted when the application was made." (14a-16a) No documents pertaining to the informant were produced then or later. The Magistrate repeated the order on November 12, 2010 (33a-34a) and orally in three telephone conferences. The defendants never made responsive production and never identified any informant.

There is no claim that any defendant personally had communication from the informant. In defendant Ricigliano's declaration under penalties of perjury supporting defendants' motion for summary judgment the informant is not identified or even located and the declarant does not know to whom the confidential informant communicated: it was certainly not DUSM Ricigliano.

Terrence Cunningham, 14800-058
Federal Medical Center
P.O. Box 1600
Butner, NC 27509
November 29 , 2010

North Carolina State
County of Granville_____ SS:


   Terrence Cunningham, affirm under the penalty of perjury that:

   I, Terrence Cunningham NEVER told any Reliable
Confidential Informant _____ or anybody
that I was residing with my mother Theresa Cunningham and
Benjamin Cunningham in the Bronx section of the New York.

   I NEVER told anybody/Reliable Confidential Informant
_____ where I was receiving medical
treatment in North Central Hospital in the Bronx New York.

   I NEVER resided with my brother Benjamin Cunningham and his
wife Reena Cunningham.  I NEVER provided this home address
24-29 Southern Blvd Bronx New York to anybody/Reliable
Confidential Informant.

                                        Respectfully,


                                        Terrence Cunningham

PS 10
(1 82)

# United States District Court
## for the
## Western District of North Carolina



U.S.A vs Terrence CUNNINGHAM                     Docket No 3:99CR58-01-V

TO: ¹ **Any United States Marshal or any other authorized officer**.

| WARRANT FOR ARREST OF PRETRIAL RELEASEE | | | |
|---|---|---|---|
| You are hereby commanded to arrest the within-named defendant and bring him or her, forthwith before the United States District Court to answer charges that he or she violated the conditions of his or her supervision imposed by the court. | | | |
| NAME OF SUBJECT<br>Terrence CUNNINGHAM | SEX<br>MALE | RACE<br>BLACK | AGE<br>33 |
| ADDRESS(STREET, CITY, STATE)<br>5901 Powder Horn Rd., Charlotte, NC 28212 | | | |
| JUDICIAL AUTHORITY (NAME OF COURT)<br>U.S. District Court, Charlotte, NC | | | |
| CLERK<br>Frank G. Johns | (BY) DEPUTY CLERK | | DATE<br>3/23/01 |

| RETURN | | |
|---|---|---|
| Warrant received and executed | DATE RECEIVED<br>03/26/2001 | DATE EXECUTED<br>01/12/2006 |
| EXECUTING AGENCY (NAME AND ADDRESS)<br>Subject was arrested by USMS, D/MD and the CATF on a COLL Lead from<br>CI/DUSM Phillip Thorpe | | |
| NAME<br>USMS, D/MD | (BY) | DATE<br>01/12/2006 |

FILED
CHARLOTTE, N.C.

JAN 2 0 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

¹Insert designation of officer to whom the warrant is issued, e.g., "any United States Marshal or any other authorized officer;" or "United States Marshal for the Western District of North Carolina;" or "any United States Marshal; or "Any Special Agent of the Federal Bureau of Investigation;" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit."

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, N. C.

MAY  3 1999

U. S. DISTRICT COURT
W. DIST. OF N. C.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) DOCKET NO. 3:99CR 58 - V |
| | ) |
| | ) BILL OF INDICTMENT |
| v. | ) |
| | ) Vio: Title 21, U.S.C., §§ |
| TERRENCE CUNNINGHAM | ) 841(a)(1), 846. |

THE GRAND JURY CHARGES:

COUNT ONE

From in or about March of 1996 until in or about April of 1999, in Mecklenburg County, within the Western District of North Carolina, and elsewhere

TERRENCE CUNNINGHAM

did knowingly, willfully and unlawfully combine, conspire, confederate and agree with others, both known and unknown to the Grand Jury, including Willie Moffett a.k.a. "Jack, Manny LNU, Anna LNU, and Norris Evans, to possess with intent to distribute, a quantity of cocaine and cocaine base, Schedule II controlled substances, a violation of Title 21, United States Code, Sections 841(a)(1) and 846.

A TRUE BILL

*[signature]*
FOREMAN

MARK T. CALLOWAY
UNITED STATES ATTORNEY

*[signature]*
GRETCHEN C.F. SHAPPERT
ASSISTANT UNITED STATES ATTORNEY

1